﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190723-15818
DATE: June 16, 2020

ORDER

Entitlement to service connection for a low back disability is denied.

Entitlement to service connection for chronic fatigue syndrome (CFS) is denied.

Entitlement to service connection for fibromyalgia is denied.

Entitlement to service connection for irritable bowel syndrome (IBS) is denied.

Entitlement to service connection for sinusitis or allergic rhinitis is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran’s current low back disability began during active service, or is otherwise related to an in-service injury or disease.

2. The preponderance of the evidence of record is against finding that the Veteran has had a diagnosis of CFS at any time during or approximate to the pendency of the claim.

3. The preponderance of the evidence of record is against finding that the Veteran has had a diagnosis of fibromyalgia at any time during or approximate to the pendency of the claim.

4. The preponderance of the evidence of record is against finding that the Veteran has had a diagnosis of IBS at any time during or approximate to the pendency of the claim.

5. The preponderance of the evidence is against finding that the Veteran has a current diagnosis of chronic sinusitis and against finding that his current allergic rhinitis began during active service, or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for a low back disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for CFS are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317.

3. The criteria for service connection for fibromyalgia are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317.

4. The criteria for service connection for IBS are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317.

5. The criteria for service connection for sinusitis or allergic rhinitis are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service from January 1972 to January 1975, September 1986 to September 1987, and December 1990 to March 1991 in the United States Army, to include active service in the Southwest Asia theater of operations during the Persian Gulf War.

The issues are on appeal under the Appeals Modernization Act from a rating decision issued in May 2019. The Veteran submitted a notice of disagreement in July 2019 electing the evidence submission lane. 

Service Connection

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed.Cir.2013) (holding that only conditions listed as chronic diseases in 38 C.F.R. § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b)). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). 

Service connection may also be granted on a presumptive basis for a Persian Gulf veteran who exhibits objective indications of qualifying chronic disability, including resulting from undiagnosed illness, that became manifest either during active service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2021, and which by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 U.S.C. § 1117; 38 C.F.R. § 3.317(a)(1). In claims based on qualifying chronic disability, unlike those for direct service connection, there is no requirement that there be competent evidence of a nexus between the claimed illness and service. Gutierrez v. Principi, 19 Vet. App. 1, 8-9 (2004). Notably, laypersons are competent to report objective signs of illness.

VA is authorized to pay compensation to any Persian Gulf veteran suffering from a qualifying chronic disability. For purposes of 38 C.F.R. § 3.317, a qualifying chronic disability means a chronic disability resulting from any of the following (or any combination of the following): (a) an undiagnosed illness; or (b) a medically unexplained chronic multi-symptom illness that is defined by a cluster of signs or symptoms, such as: (1) chronic fatigue syndrome; (2) fibromyalgia; or (3) functional gastrointestinal disorders (excluding structural gastrointestinal diseases). 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a), (c).

Objective indications of chronic disability include both signs, in the medical sense of objective evidence perceptible to a physician, and other, non-medical indicators that are capable of independent verification. To fulfill the requirement of chronicity, the illness must have persisted for a period of six months. 38 C.F.R. § 3.317 (a)(2), (3). Signs or symptoms that may be manifestations of undiagnosed illness include, but are not limited to, the following: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 38 C.F.R. § 3.317(b).

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board’s analysis below will focus specifically on what evidence is needed to substantiate each claim and what the evidence in the claims file shows, or fails to show, with respect to each claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

1. Entitlement to service connection for a low back disability.

The Veteran contends that he has a low back disability that is causally related to an injury incurred when lifting a 300 lb. patient during active service as an ambulance driver. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease. The Veteran’s treatment records show complaints of chronic back pain and a diagnosis of degenerative arthritis of the spine. 

The Board concludes that, while the Veteran has a current diagnosis of degenerative arthritis of the spine, and evidence shows that he had a complaint of back pain in December 1972, the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of degenerative arthritis of the spine began during service or is otherwise related to an in-service injury, event, or disease. 

Although the Veteran’s service treatment records showed a complaint of back pain in December 1972, the Veteran’s subsequent reports of medical examinations in December 1974, July 1982, August 1985, August 1986, December 1990, March 1991, and January 1993 showed a clinically normal spine and other musculoskeletal system. On the reports of medical history in December 1974, August 1985, August 1986, July 1987, December 1990, March 1991, and January 1993, the Veteran specifically noted no current or past recurrent back pain.

The Veteran was afforded a VA examination in April 2019. The examiner reviewed the claims file and performed an in-person examination. The examiner noted the Veteran’s complaints of low back pain in December 1972 that was assessed as muscle pain. On the separation examination, the Veteran denied recurrent back pain. The examiner found no indication of chronic or recurrent back pain in the service treatment records. The examiner diagnosed degenerative arthritis of the spine. The Veteran stated that he first started having back pain in 1973 or 1974 related to lifting a patient into an ambulance with sudden onset of back pain. It was treated conservatively with brief light duty. He stated that he had back pain his entire adult life. In 1977, he worked on the railroad as a track jack. He denied other back injuries. The examiner determined a brief complaint of back pain while on active duty that apparently resolved without sequela. He found no evidence of chronicity either in service or in the period immediately after release from active duty. He found that the recent MRI indicated chronic changes associated with senescence. Therefore, he found no nexus of current findings to active duty service.

The examiner’s rationale was based on the MRI findings showing the changes associated with senescence. He acknowledged the Veteran’s injury during service and reviewed the Veteran’s medical and lay history. The examiner’s opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

While the Veteran is competent to report having experienced symptoms of back pain since service, he is not competent to provide a diagnosis in this case or determine that his complaint during service was a manifestation of or causally related to his current diagnosis. The issue is medically complex, as it requires specialized medical education, the window of evidence regarding the disability is many decades, and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the April 2019 VA examiner’s opinion.

Based on the evidence cited above, the Board finds that the preponderance of the evidence is against the claim of service connection for a low back disability. As the preponderance of the evidence is against the claim for service connection for a low back disability, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102.

2. Entitlement to service connection for CFS.

The Veteran contends that he has CFS that is causally related to his service in Southwest Asia. 

VA is authorized to pay compensation to any Persian Gulf veteran suffering from a qualifying chronic disability. For purposes of 38 C.F.R. § 3.317, a qualifying chronic disability means a chronic disability resulting from any of the following (or any combination of the following): (a) an undiagnosed illness; or (b) a medically unexplained chronic multi-symptom illness that is defined by a cluster of signs or symptoms, such as: (1) chronic fatigue syndrome; (2) fibromyalgia; or (3) functional gastrointestinal disorders (excluding structural gastrointestinal diseases). 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a), (c).

The question for the Board is whether the Veteran has a current disability, specifically a medically unexplained chronic multi-symptom illness.

The Board concludes that the Veteran does not have a current diagnosis of CFS and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran was afforded a VA examination in April 2019. The examiner reviewed the claims file and performed an in-person examination. The examiner noted that the Veteran does not now have, nor has he ever been diagnosed with CFS. The Veteran reported that he was tired all the time and started noticing the problem in the past 25 years. He had a desire to lay down, but still worked part time. He slept only four hours per night. He felt just as tired when he awakened as when he retired. His wife told him he snored and stopped breathing. He denied excessive daytime sleepiness. The examiner noted no findings, signs, or symptoms attributable to CFS. The examiner noted that the Veteran did not satisfy the diagnostic criteria for the diagnosis of CFS.

The Veteran’s treatment records showed complaints of back pain, neck pain, and myalgia. The only references to a diagnosis of fibromyalgia in his treatment records are provided by the Veteran’s self-reported history. A June 2018 VA treatment record noted that the Veteran reported fibromyalgia, yet the examiner diagnosed only low back pain. The Veteran’s chiropractic report in August 2018 showed a self-report of fibromyalgia, yet the chiropractor only diagnosed muscle spasm associated with intersegment joint dysfunction of the lower thoracic spine and lumbar spine associated with myofascial pain. An October 2018 treatment record showed fibromyalgia per self-report, not found on problem list. The Veteran informed his psychologist that his rheumatologist informed him that he may or may not have fibromyalgia. 

The Veteran’s treatment records show a complaint of fatigue in November 2013, but no diagnosis of CFS. Subsequent treatment records showed consistent denials of fatigue. The Veteran’s current assertions contradict his continued specific denials of fatigue from 2014 through 2016 and the absence of any complaints of fatigue in his remaining treatment records. 

While the Veteran believes he has a current diagnosis of CFS, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

Based on the evidence cited above, the Board finds that the preponderance of the evidence is against the claim of service connection for CFS. As the preponderance of the evidence is against the claim for service connection for CFS, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102.

3. Entitlement to service connection for fibromyalgia.

The Veteran contends that he has fibromyalgia that is causally related to his service in Southwest Asia. 

VA is authorized to pay compensation to any Persian Gulf veteran suffering from a qualifying chronic disability. For purposes of 38 C.F.R. § 3.317, a qualifying chronic disability means a chronic disability resulting from any of the following (or any combination of the following): (a) an undiagnosed illness; or (b) a medically unexplained chronic multi-symptom illness that is defined by a cluster of signs or symptoms, such as: (1) chronic fatigue syndrome; (2) fibromyalgia; or (3) functional gastrointestinal disorders (excluding structural gastrointestinal diseases). 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a), (c).

The question for the Board is whether the Veteran has a current disability, specifically a medically unexplained chronic multi-symptom illness.

The Board concludes that the Veteran does not have a current diagnosis of fibromyalgia and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran was afforded a VA examination in April 2019. The examiner reviewed the claims file and performed an in-person examination. The examiner noted that the Veteran does not have, nor has he ever had a diagnosis of fibromyalgia. The Veteran stated that he hurt from the bottom of his feet to the top of his head on all body surfaces. He noted chronic pain in the neck across the shoulders and described sensitivity to heat and cold. The examiner noted that the Veteran had no discrete tender points and no pain below the waist. The examiner noted that the Veteran did not have fibromyalgia as he did not meet the criteria of the American College of Rheumatology (WPI 3). The examiner opined that, as there is no diagnosis of fibromyalgia, the non-existent condition could not be attributed to military service.

The Veteran’s treatment records showed complaints of back pain, neck pain, and myalgia. The only references to a diagnosis of fibromyalgia in his treatment records are provided by the Veteran’s self-reported history. A June 2018 VA treatment record noted that the Veteran reported fibromyalgia, yet the examiner diagnosed only low back pain. The Veteran’s chiropractic report in August 2018 showed a self-report of fibromyalgia, yet the chiropractor only diagnosed muscle spasm associated with intersegment joint dysfunction of the lower thoracic spine and lumbar spine associated with myofascial pain. An October 2018 treatment record showed fibromyalgia per self-report, not found on problem list. The Veteran informed his psychologist that his rheumatologist informed him that he may or may not have fibromyalgia. 

While a private practitioner stated in an April 2017 letter that the Veteran had fibromyalgia, there is no indication that the practitioner performed a physical examination or any diagnostic tests to confirm the presence of fibromyalgia. Instead, the statement appears to be based on the Veteran’s self-reported medical history, which is inconsistent with VA and private treatment records that show complaints of myalgia, but no diagnosis of fibromyalgia. Consequently, the Board gives more probative weight to the April 2019 VA examiner’s findings.

While the Veteran believes he has a current diagnosis of fibromyalgia, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

Based on the evidence cited above, the Board finds that the preponderance of the evidence is against the claim of service connection for fibromyalgia. As the preponderance of the evidence is against the claim for service connection for fibromyalgia, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102.

4. Entitlement to service connection for IBS.

The Veteran contends that he has IBS that is causally related to his service in Southwest Asia. 

VA is authorized to pay compensation to any Persian Gulf veteran suffering from a qualifying chronic disability. For purposes of 38 C.F.R. § 3.317, a qualifying chronic disability means a chronic disability resulting from any of the following (or any combination of the following): (a) an undiagnosed illness; or (b) a medically unexplained chronic multi-symptom illness that is defined by a cluster of signs or symptoms, such as: (1) chronic fatigue syndrome; (2) fibromyalgia; or (3) functional gastrointestinal disorders (excluding structural gastrointestinal diseases). 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a), (c).

The question for the Board is whether the Veteran has a current disability, specifically a medically unexplained chronic multi-symptom illness.

The Board concludes that the Veteran does not have a current diagnosis of IBS and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran’s service treatment records showed one complaint of gastritis in December 1972. In July 1977, between periods of active duty, the record contains a complaint of constipation. Subsequent service treatment records show no complaints, treatment, or diagnosis of IBS. A March 1991 report of medical examination showed clinically normal abdomen and viscera, and clinically normal anus and rectum. The corresponding report of medical history showed no current or past complaints of frequent indigestion, or stomach, liver, or intestinal trouble. An additional report of medical examination and medical history obtained in January 1993 repeated those findings. 

The Veteran was afforded a VA examination in April 2019. The examiner reviewed the claims file and performed an in-person examination. The Veteran reported constipation for 20 years, since he quit drinking beer. Prior to that time, he drank six to twelve beers daily. Bowel movements were infrequent often up to four days without movement, sometimes requiring digital disimpaction. The Veteran described chronic constipation and no abdominal distress for which he has not sought medical attention. The symptomatology does not satisfy the diagnostic criteria for IBS. The Veteran’s symptoms are related by the Veteran to discontinuation of beer drinking. The examiner found no nexus between current digestive condition and military service, including any exposure event or condition while in Southwest Asia.

The Veteran’s remaining post-service treatment records are silent for complaints, treatment, or diagnosis of IBS and the VA examiner in April 2019 provided a cause for the Veteran’s complaints of constipation. 

While the Veteran believes he has a current diagnosis of IBS, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

Based on the evidence cited above, the Board finds that the preponderance of the evidence is against the claim of service connection for IBS. As the preponderance of the evidence is against the claim for service connection for IBS, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102

5. Entitlement to service connection for sinusitis.

The Veteran contends that he has sinusitis that is causally related to his active service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current diagnosis of chronic sinusitis and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). The Veteran’s treatment records show no current complaints, treatment, or diagnosis of sinusitis. 

In Clemons v. Shinseki, 23 Vet. App. 1 (2009), the Court held that a claimant seeks service connection for the symptoms of a disability, regardless of how those symptoms are diagnosed or labeled. Although the Veteran does not have a current diagnosis of sinusitis, he does have a diagnosis of allergic rhinitis, which presents with similar symptoms. Therefore, the Board will address the Veteran’s allergic rhinitis. 

The Board concludes that, while the Veteran has a current diagnosis of allergic rhinitis, and evidence shows that the Veteran has submitted lay evidence of sinusitis in 1973 or 1974 while stationed at Fort Leonard Wood, the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of allergic rhinitis, to include sinus symptoms, began during service or is otherwise related to an in-service injury, event, or disease. 

The Veteran’s service treatment records are silent for any complaints, treatment, or diagnosis of sinusitis or allergic rhinitis. The Veteran’s reports of medical examinations in December 1974, July 1982, August 1985, August 1986, December 1990, March 1991, and January 1993 showed clinically normal sinuses. On the December 1974, the Veteran noted shortness of breath. On the subsequent reports of medical history August 1985, August 1986, July 1987, December 1990, March 1991, and January 1993, the Veteran specifically noted no current or past ear, nose, or throat trouble, chronic or frequent colds, or sinusitis.

While the Veteran is competent to report having experienced symptoms of sinusitis or allergic rhinitis since service, he is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of sinusitis. The issue is medically complex, as it requires knowledge of interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). 

The Veteran was afforded a VA examination in April 2019. The examiner reviewed the claims file and performed an in-person examination. The examiner diagnosed allergic rhinitis. The Veteran reported seasonal allergic rhinosinusitis manifested by watery eyes, runny nose, and nasal pressure with tooth pain episodes occurring in spring and summer that responds well to over-the-counter antihistamines, improved if it rains. It had been present all of his life. The examiner noted seasonal rhinitis present for his entire life per the Veteran. The examiner noted no nexus between the Veteran’s symptoms and his military service including any exposure event or condition in Southwest Asia.

The examiner noted that the Veteran’s claimed symptoms were related to seasonal allergies. The examiner’s opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Based on the evidence cited above, the Board finds that the preponderance of the evidence is against the claim of service connection for sinusitis or allergic rhinitis. As the preponderance of the evidence is against the claim for service connection for sinusitis or allergic rhinitis, the benefit of the doubt rule does not apply. 38 C.F.R. § 5107; 38 C.F.R. § 3.102.

 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Patricia Veresink, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.